# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 2008-0022 |
| v. | ) | |
| | ) | |
| KENDALL PETERSEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on Defendant's Motion to Suppress and Motion for a Franks Hearing filed on December 19, 2008. An evidentiary hearing was held on January 29, 2009. After consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I.  FACTUAL BACKGROUND

Defendant is charged in a one count indictment with knowingly and intentionally possessing, with intent to distribute, sixty four (64) marijuana plants and nine hundred and fifty (950) grams of marijuana. Law enforcement agents executed a search warrant at a two story house in Frederiksted, St. Croix pursuant to a search warrant issued August 26, 2008. The search warrant was based on the application and affidavit of Police Officer Christopher Howell dated August 26, 2008. In his affidavit, Police Officer Howell stated that a concerned citizen came to the law enforcement officers for the purpose of providing information about marijuana cultivations and those involved in the sale of marijuana. Howell averred that the concerned

citizen stated that he or she had witnessed Defendant selling various quantities of marijuana and had been present when defendant sold marijuana to dealers and users. According to Howell, the concerned citizen saw defendant in possession of multiple pounds of marijuana in June 2008, and selling marijuana on August 20, 2008 from the area of the Frederiksted Fish Market. Additionally, Howell related that the concerned citizen accompanied police officers and pointed out Defendant's residence at the intersection of Queen Street and Queen Cross Street in Frederiksted.

Defendant contends that Howell's statements in the affidavit are untrue, and that there is no such concerned citizen in existence. Defendant argues that Howell fabricated the concerned citizen mainly to harass defendant, who is a member of the Virgin Islands Constitutional Convention, and was running for a seat in the local senate. Defendant claims that, on or about August 11, 2008, Howell signed a similar affidavit to obtain a search warrant for the residence of another individual, Amobi Christopher, which contained almost identical boiler plate allegations as the affidavit in the case under consideration.[1] In the Christopher affidavit, Howell states that a concerned citizen came to the law enforcement officers for the purpose of providing information about marijuana cultivations and those involved in the sale of marijuana. As a result, Howell obtained a search warrant to enter the property of Amobi Christopher. Defendant seeks suppression of the marijuana evidence seized from Defendant's residence, on the grounds that the concerned citizen in the affidavit by Howell was a fabrication.

---

[1] Defendant has not provided the Court with a copy of the Christopher affidavit or moved to admit such affidavit into evidence.

## II.  STANDARD OF REVIEW

There is a presumption of validity with respect to the affidavit supporting a search warrant and a defendant is not automatically entitled to a hearing when he challenges a search warrant.  United States v. Brown, 3 F.3d 673, 676-78 (3d Cir. 1993).  To challenge the veracity of certain factual statements in an affidavit supporting a search warrant, the court in Franks v. Delaware, 438 U.S. 154, 155-56 (1978) held that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by the affiant in the warrant affidavit, and if the allegedly false statements are necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."  A defendant is also entitled to a Franks hearing upon a "substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." United States v. Whitworth, 856 F.2d 1268, 1280 (9th Cir 1988) (quoting United States v. Stanert, 762 F.2d 775, 781 (9th Cir.); see United States v. Yusuf, 461 F.3d 374, 383 (3rd Cir. 2006).

The United States Supreme Court in Franks set forth six requirements that a court must consider before granting a defendant a hearing to challenge a search warrant and the affidavit supporting the search warrant: (1) defendant's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine, (2) there must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof, (3) the allegations should point out specifically the portion of the warrant affidavit that is claimed to be false and they should be accompanied by a statement of supporting reasons, (4) affidavits or sworn or otherwise reliable statements of witnesses

3

should be furnished, or their absence satisfactorily explained, (5) allegations of negligence or innocent mistake are insufficient, and (6) the deliberate falsity or reckless disregard whose impeachment is permitted is only that of the affiant, not of any nongovernmental informant. Franks, 438 U.S. at 171-72; see United States v. Calisto, 838 F.2d 711, 714 (3d Cir. 1988).

Even when the above requirements are met, if material that is the subject of the alleged falsity or reckless disregard is set to one side and there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. Franks, 438 U.S. at 171-72. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Id.; see Wilson v. Russo, 212 F.3d 781, 787 (3d Cir. 2000); Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997).

## III. DISCUSSION

Defendant relies upon Franks and its progeny to ask this Court for a hearing to challenge the validity of Police Officer Howell's affidavit that underlies the warrant at issue here. It is undisputed that the law requires some basic quantum of evidence to support a defendant's allegations about the falsity of an affidavit. See Franks, 438 U.S. at 171-72, Calisto, 838 F.2d at 714.

Defendant claims that the concerned citizen described in Howell's affidavit does not exist, but fails to provide any evidence to support his allegation. Rather than pointing to specific facts and evidence, Defendant relies on conclusory allegations that Howell fabricated the information in his affidavit. Although Defendant claims that a similar affidavit to obtain a warrant for the residence of another individual contained similar "boiler plate" language regarding a concerned citizen as the affidavit in the case, Defendant has not produced such

4

affidavit for the Court's consideration.  In any event, there are several explanations for similar language being contained in both affidavits.  It is readily conceivable that one concerned citizen informed law enforcement officers about both Christopher and Defendant in this case regarding marijuana cultivations and sales.  Additionally, two concerned citizens may have come to police officers in the two cases, which involved similar facts and circumstances.  The Court does not find anything in Howell's affidavit or any other relevant evidence presented by Defendant to suggest that the concerned citizen was fabricated in this case.

By any fair reading of <u>Franks</u> and the related Third Circuit precedents, Defendant has failed to make a substantial showing that Howell's affidavit reflects false statements that were made knowingly and recklessly.  <u>See</u> <u>Franks</u>, 438 U.S. at 171-72.  Because Defendant failed to provide the Court with any statement of supporting facts or offer of proof, as required by law, the Court finds that Defendant is not entitled to a <u>Franks</u> hearing.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant has made an inadequate showing to mandate a <u>Franks</u> hearing under the circumstances of this case.  Therefore, Defendant's Motion to Suppress and Motion for a <u>Frank</u>s Hearing is **DENIED**.

**ENTERED this 3rd day of February, 2009.**

_____/s/_____
**HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE**