# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 2008-0022 |
| v. ) | |
| ) | |
| KENDALL PETERSEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

FINCH, SENIOR JUDGE

     THIS MATTER comes before the Court on a Motion for Reconsideration filed by Defendant Kendall Peterson on February 4, 2009 (Docket No. 38). The Government filed its opposition to Defendant's Motion on March 6, 2009 (Docket No. 54). After consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

**I. FACTUAL BACKGROUND**

     Defendant is charged in a one count indictment with knowingly and intentionally possessing, with intent to distribute, sixty four (64) marijuana plants and nine hundred and fifty (950) grams of marijuana. Law enforcement agents executed a search warrant at a two story house in Frederiksted, St. Croix pursuant to a search warrant issued August 26, 2008. The search warrant was based on the application and affidavit of Police Officer Christopher Howell dated August 26, 2008. In his affidavit, Howell stated that a concerned citizen came to the law enforcement officers for the purpose of providing information about marijuana cultivations and those involved in the sale of marijuana. Howell averred that the concerned citizen stated that he

or she had witnessed Defendant selling various quantities of marijuana and had been present when defendant sold marijuana to dealers and users. According to Howell, the concerned citizen saw defendant in possession of multiple pounds of marijuana in June 2008, and selling marijuana on August 20, 2008 from the area of the Frederiksted Fish Market. Additionally, Howell related that the concerned citizen accompanied police officers and pointed out Defendant's residence at the intersection of Queen Street and Queen Cross Street in Frederiksted.

Defendant filed a Motion to Suppress and for a Franks Hearing on December 19, 2008, claiming that Howell's affidavit contained false statements. Defendant sought suppression of the marijuana evidence seized from Defendant's residence, on the grounds that the concerned citizen in the affidavit supporting the search warrant was a fabrication. Defendant claimed that Howell fabricated the concerned citizen mainly to harass defendant, who is a member of the Virgin Islands Constitutional Convention, and was running for a seat in the local senate. An evidentiary hearing was held on January 29, 2009 and the Court issued an Order denying Defendant's Motion to Suppress and for a Franks Hearing on February 3, 2009.

## II. STANDARD OF REVIEW

Pursuant to Local Rule 7.4, "[a] party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. A motion to reconsider shall be based on the need to correct clear error or prevent manifest injustice." LRCi. 7.4. "[A] motion to reconsider shall be based on (1) intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Nicholas v. Wyndham Int'l, Inc., 2002 U.S. Dist. LEXIS 27111 at *1 (D.V.I. 2002); LRCi 7.4. "[G]iven the wide discretion conferred on a district court by the Federal Rules, courts have

sometimes found it appropriate to grant reconsideration on grounds that do not fall within a narrow interpretation of Rule 7.4 in order to meet the unique circumstances of a particular case." Bostic v. AT&T, 312 F.Supp. 2d 731, 734 (D.V.I. 2004) (citing Slater v. KFC Corp., 621 F.2d 932, 939 (8th Cir. 1980); Walker v. Bank of Am. Nat'l Trust & Sav. Ass'n, 268 F.2d 15, 25 (9th Cir. 1959)). There is no requirement that reasons be stated for the denial of a motion for reconsideration. Briddle v Scott, 63 F.3d 364, 381 (5th Cir. 1995).

The granting of a motion to reconsider is "an extraordinary remedy and should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. 2000), citing 11 Charles A. Wright, Arthur R. Miller and Mary K. Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). The purpose of such motions is to allow a District Court to correct its own errors, sparing parties and appellate courts the burden of unnecessary proceedings. Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986); see United States v. Dieter, 429 U.S. 6, 8 (1976). The moving party has a heavy burden to establish an error sufficiently serious to merit amendment. The moving party must demonstrate that the court failed to consider controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might reasonably have led to a different result. Ansoumana v. Gristede's Operating Corp., 255 F.Supp. 2d 197, 198 (S.D.N.Y. 2003); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (holding that standards for granting motion for reconsideration are strict, and reconsideration will generally be denied unless moving party can point to controlling decisions or data that court overlooked, which might reasonably be expected to alter conclusion reached by court.).

3

This Court, along with the majority of federal courts, does not allow a motion for reconsideration to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." Bostic, 312 F.Supp.2d at 733; see also Fein v. Peltier, 36 V.I. 197, 198 (D.V.I. 1997) ("Motions for reconsideration should not be used as a vehicle for rehashing and expanding upon arguments previously presented or merely as an opportunity for getting in one last shot at an issue that has been decided."); FDIC v. World Univ., Inc., 978 F.3d 10, 16 (1st Cir. 1992) (motions for reconsideration "are aimed at reconsideration, not initial consideration.")

### III. DISCUSSION

The Motion for Reconsideration urges the Court to consider three separate claims made by Defendant: (1) Howell's affidavit does not contain any statements regarding independent verification of the information provided to police by the concerned citizen, (2) Howell's affidavit does not detail the nature of the concerned citizen's association with those involved in the sale and use of marijuana, and (3) there is an inconsistency with respect to the dates in Howell's affidavit. Def.'s Mot. to Reconsider at 2. As nothing in Defendants' filing indicates an intervening change in controlling law or availability of new evidence since the said Order was entered, the Court interprets Defendants' Motion to be based upon the need to correct clear error or prevent manifest injustice. The Court will discuss each issue in turn.

4

### A. Independent Verification Concerned Citizen's Information

Defendant argues that Howell's affidavit is "completely devoid of any statements indicating independent verification of the information allegedly provided by CC." Def.'s Mot. to Reconsider at 2. Defendant claims that there is a complete and deliberate omission of information from the affidavit because it fails to specify the nature of the verification. Id.

Paragraph one of Howell's affidavit states that, "[t]he CC is believed reliable because he/she provided information on the June 19, 2008 interview that was independently verified by law enforcement." Howell Aff. at ¶ 1. In the same paragraph, Howell explains how information provided by the concerned citizen was independently verified. The affidavit states that the concerned citizen told the task force about two marijuana growers who were moving marijuana plants into their homes and "it was verified by surveillance." Id. The affidavit also indicates that information provided by the concerned citizen regarding locations where marijuana was being cultivated was independently verified. Specifically, the affidavit states that, "[t]o date, the task force has been able to confirm independently that three of the four locations provided by CC were being used for this purpose (marijuana cultivation)." Id.

Howell's affidavit also provides statements regarding independent verification of the information provided by the concerned citizen relating to Defendant. Paragraph seven states that "[y]our affiant and other task force members have noted historical activity at [Defendant's] home that is consistent with drug activity." Howell Aff. at ¶ 7. Within this paragraph, Howell explains that at least three police officers have noticed people at Defendant's home showing unusual interest in the presence of law enforcement when marked and unmarked police vehicles were operated in the area. "This interest comes in the form of an overt attention directed towards

5

police vehicles and their occupants.  Affiant and other task force members recall incidents over the past few years where residents and visitors of the target house observed police presence and stopped what they were doing in order to direct their attention at the police vehicles."  Id.

Howell's statements in paragraphs one and seven of the affidavit indicate independent verification of the information provided by the concerned citizen.  Accordingly, the Court finds that Defendant has failed to provide any legal or factual justification to seek reconsideration of the Court's prior Order with respect to this issue.

### B.   Nature of Concerned Citizen's Association with Marijuana Dealers and Users

Defendant claims that the Court did not consider the argument that Howell's affidavit does not detail the nature of the concerned citizen's association with those involved in marijuana use and sales.   Def.'s Mot. to Reconsider at 2.  Defendant argues that, if the concerned citizen is involved in the use or sale of marijuana, this information would be relevant to the Judge in deciding whether or not to issue a warrant.  Id.  However, Defendant fails to explain why such information would be relevant or how the inclusion of such information in the affidavit would have any impact on the magistrate's decision one way or another. The Court finds that this is an irrelevant issue having little bearing upon the Judge's decision to issue the search warrant.

### C.   Inconsistency with Dates

Defendant argues that there are inconsistencies and discrepancies in Howell's affidavit.  Def.'s Mot. to Reconsider at 1-2.  Paragraph one states that, "[o]n or about June 19, 2008, the task force received information from CC.  CC came to the task force on his/her own behalf without request of reward for providing information. The CC is believed reliable because he/she

6

provided information on the June 19, 2008, interview that was independently verified by law enforcement." Howell Aff. at ¶ 1. Paragraph two of the affidavit states that "[o]n or about June 16, 2008, CC told affiant about an individual that goes by the name of 'Cego.' According to the CC, Cego sells marijuana from a house located in Frederiksted." Id. at ¶ 2.

Defendant interprets the affidavit to say that the first meeting with the concerned citizen occurred on June 19, 2008. However, the affidavit specifically states that the concerned citizen provided information pertaining to Defendant on June 16, 2008. See Howell Aff. at ¶ 2. Based upon what is in the affidavit, it appears that law enforcement officials had two separate meetings with the concerned citizen, first on June 16, 2008 and subsequently on June 19, 2008.[1] Therefore, the Court finds that Defendant has failed to provide any legal or factual justification to seek reconsideration of the Court's prior Order with respect to this issue.

## IV. CONCLUSION

Having reviewed the parties' briefs and upon due consideration thereof, nothing therein persuades the Court that its previous Order requires modification or reversal. Defendant has failed to make a substantial showing that Howell's affidavit reflects false statements or omissions that were made knowingly and recklessly. See Franks, 438 U.S. at 171-72. For the reasons stated above, Defendant's Motion for Reconsideration is **DENIED**.

---

[1] It is not clear from reading the affidavit whether the concerned citizen provided additional information relating to Defendant at the June 19, 2008 interview. Even if the information provided at the second interview did not pertain to Defendant, the fact that such information was independently verified helps establish the credibility and reliability of the informant. See Illinois v. Gates, 462 U.S. 213. 235 (1983). Accordingly, the June 19, 2008 interview is relevant under the circumstances.

**ENTERED this 31st day of March, 2009.**

                                        /s/
                    **HONORABLE RAYMOND L. FINCH**
                    **SENIOR U.S. DISTRICT JUDGE**