# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

UNITED STATES OF AMERICA     )
         )
         )
       Plaintiff,    )
         )    CRIMINAL NO. 2008-0022
       v.      )
         )
KENDALL PETERSEN,     )
         )
       Defendant.    )
_____ )

## MEMORANDUM OPINION

FINCH, SENIOR JUDGE

      THIS MATTER comes before the Court on Defendant's Motion for Review of the Magistrate Judge's Detention Order entered on May 21, 2009 (Docket No. 73). The government opposes such Motion. An evidentiary hearing was held on May 28, 2009. After consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I.  FACTUAL BACKGROUND

      Defendant is charged in a one count indictment with knowingly and intentionally possessing, with intent to distribute, sixty four (64) marijuana plants and nine hundred and fifty (950) grams of marijuana in violation of 21 U.S.C. § 841(a)(1). Law enforcement agents executed a search warrant at a two story house in Frederiksted, St. Croix pursuant to a search warrant issued August 26, 2008. The search warrant was based on the application and affidavit of Police Officer Christopher Howell dated August 26, 2008. In his affidavit, Officer Howell stated that a concerned citizen came to the law enforcement officers for the purpose of providing information about marijuana cultivations and those involved in the sale of marijuana. Howell

averred that the concerned citizen stated that he or she had witnessed Defendant selling various quantities of marijuana and had been present when defendant sold marijuana to dealers and users. According to Howell, the concerned citizen saw Defendant in possession of multiple pounds of marijuana in June 2008, and selling marijuana on August 20, 2008 from the area of the Frederiksted Fish Market.

Defendant was arraigned on September 18, 2008 and was released on bail pending his trial. As part of the standard conditions of Defendant's pre-trial release, he was ordered to refrain from excessive use of alcohol and to not purchase, possess, use, distribute, or administer any narcotic drug or other controlled substance, except as prescribed by a physician. See Order Setting Conditions of Release issued September 18, 2008 (Docket No. 6). Subsequently, Defendant was tested on numerous occasions for the use of illicit substances and tested positive for "Cannabinoids, Delta-9-Carboxy THC" (marijuana) on each occasion. Defendant tested positive for the use of marijuana on September 17, 2008, October 20, 2008, November 12, 2008, January 15, 2009, March 23, 2009, April 27, 2009, May 4, 2009, and May 11, 2009 – a total of eight occasions.

The Government filed four motions to revoke Defendant's bail on account that Defendant had tested positive for marijuana use. The fourth Motion for Revocation of Pre-Trial Release (Docket No. 61) was granted by the Magistrate Judge, resulting in Defendant's detention. See Magistrate's Order dated May 18, 2009 (Docket No. 72). Defendant has moved this Court to review the Magistrate's detention order pursuant to 18 U.S.C. § 3145(b). Defendant argues that he is not a flight risk and his pre-trial release does not pose a danger to the community.

2

## II.  STANDARD OF REVIEW

Before trial, a defendant who violates his release conditions is subject to revocation of those conditions and an order of detention. § 3148(a).  After a subsequent hearing, the judge must enter an order of revocation and detention if she finds probable cause to believe that the defendant committed a crime while on release or clear and convincing evidence that any other release condition was violated, and further finds that based on the factors listed in § 3142(g), there are no conditions that will assure that the defendant is neither a danger nor flight risk, or that the defendant will not abide by such conditions. § 3148(b)(1-2). Given the statutory reference to pretrial release, the burden of proof is on the government to establish probable cause to believe that a crime was committed and to establish other violations by a preponderance of the evidence. § 3148(a) and (b)(1)(A)(B); see also Fed. R. Cr. P. 46(a) and § 3142(f).

Title 18, section 3145(b) of the United States Code provides that a person who has been ordered to be detained pending trial by a magistrate judge may move for revocation or amendment of the detention order in the court with original jurisdiction over the matter. 18 U.S.C. § 3145(b).  Although the statute itself is silent as to the standard of review that the court should employ, "[w]hen the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992); see United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985); United States v. Tortora, 922 F.2d 880, 883 (1st Cir. 1990); see also United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985) (holding that the Bail Reform Act, 18 U.S.C. § 3145(b), et seq., contemplates de novo

review by the district court of a magistrate's order for bail pending trial).  Under this standard, "a district court should not simply defer to the judgment of the magistrate. . . ." United States v. Leon, 766 F.2d 77, 80 (2nd Cir. 1985) (noting that a reviewing court "should fully reconsider a magistrate's denial of bail").

In conducting a de novo review of a magistrate judge's pretrial detention order, the court may rely on the evidence presented before the magistrate judge.  See United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990) ("[T]he district court is not required to start over in every case . . . ."); United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge).  Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination. See Koenig, 912 F.2d at 1193; see also United States v. Lutz, 207 F. Supp. 2d 1247 (D. Kan. 2002) ("De novo review does not require a de novo evidentiary hearing.").

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e) (2006). The determination of whether any conditions of release can reasonably assure the defendant's appearance in court and the safety of others is based on the following four factors: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person and the community that would be posed by the person's release.  United States v. Traitz, 807 F.2d 322, 324 (3d Cir.

1986) (citing 18 U.S.C. § 3142(g) ("Section 3142(g)")); see United States v. Coleman, 777 F.2d 888, 892 (3d Cir. 1985).[1]

To justify pretrial detention, the government must establish risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence.  See United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986); 18 U.S.C. § 3142(f); Traitz, 807 F.2d at 324.  Risk of flight and danger to the community are "distinct statutory sources of authority to detain," and proof of one ground for detaining a defendant "is quite enough," making any discussion of the other ground "irrelevant." United States v. Daniels, 772 F.2d 382, 383 (7th Cir. 1985).

## III. DISCUSSION

With regards to Defendant's flight risk, the Court finds that it is low to none.  Although the weight of the evidence against the Defendant is significant, he has strong and significant family ties to the Virgin Islands community.  Defendant is an elected delegate to the Fifth Constitutional Convention, a community organizer and the father to several children who reside in St. Croix.  Given his character and other evidence, he appears a poor candidate to flee the area or to sever his lengthy and stable ties to his family, community, church, or employment.

With regards to Defendant's dangerousness, the Court notes that the evidence supports an argument that Defendant poses a danger in the community by the continued pollution of our

---

[1] The sub-factors relevant to the consideration of a defendant's characteristics and history include: (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . . . 18 U.S.C. § 3142(g)(3).

community with drugs.  On the other hand, the government has not proffered any evidence that Defendant has engaged in any violent tactics or similar behavior in connection with his alleged drug enterprise.  Nor has the government presented any evidence to indicate that Defendant poses a specific threat to any person in the community.

Although the evidence suggests that Defendant violated the conditions of his pre-trial release by smoking marijuana, the Court is not convinced that he is dangerous.  The government has not presented any evidence to suggest that Defendant has continued to grow or distribute marijuana within the community while on pre-trial release.  The only condition of his release that Defendant is charged with violating is the provision ordering him to refrain from possessing or using any narcotic drug.  Consequently, there is no evidence that he has engaged in any behavior while being on pre-trial release that was designed to harm any other person or was detrimental to the safety of the community.  The fact that Defendant continually tested positive for marijuana use suggests that he has a substance dependency problem, for which he has been receiving treatment while being on pre-trial release.  Defendant has submitted to substance abuse treatment with Dr. Diane Brinker starting in February 2009.

Considering the lack of evidence suggesting that Defendant poses a risk of flight or danger to the community and, in light of the fact that he has made a conscious effort to help himself by participating in a substance abuse program, the Court will grant Defendant's Motion for Review of the detention order.  Defendant will be released pending his trial and the Court's previous Order Setting Conditions of Release, issued September 18, 2008, will remain in effect. All of the conditions set forth in such Order will apply to Defendant, including the requirement that he submit to mandatory drug tests, which will be administered once a week.  As an

additional condition of his pre-trial release, if Defendant tests positive for marijuana or any other controlled substance on two (2) separate occasions, his bail will be revoked and he will be detained.  Defendant is also required to continue his participation in the substance abuse program.

## IV. CONCLUSION

The Court finds that Defendant does not pose a risk of flight or a danger to any person or the community.  For the reasons stated above, Defendant's Motion for Review of the Magistrate Judge's Detention Order entered on May 21, 2009 is granted.

**ENTERED this 29th day of May, 2009.**

**_____/s/_____**
**HONORABLE RAYMOND L. FINCH**
**SENIOR U.S. DISTRICT JUDGE**

8